WILLIAMS ET AL. *v.* BOARD OF SUPERVISORS OF RANKIN COUNTY.

[68 South. 249.]

HIGHWAYS. *Repairs. Manner of doing work.*
Laws 1912, chapter 257, providing that the board of supervisors, in addition to other methods of working the county roads, might buy teams and employ labor under a commissioner, etc., expressly confers the power upon the board of supervisors to adopt the method of working the roads prescribed by the act. It is not necessary to the validity of an order that the electors of the district had not filed a petition.

APPEAL from the circuit court of Rankin county.
HON. J. D. CARR, Judge,
Suit by John F. Williams and others against the board of supervisors of Rankin county. From a judgment for defendant, plaintiff appeals.
The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellants.

It was suggested in the court below by counsel representing the appellee that the petition attached to the bill of exceptions, and a part thereof, signed by fifty per cent of the qualified electors, was not marked filed by the clerk of the board of supervisors. We respectfully call the attention of the court to the fact that the act does not provide that the same should be marked filed; however, the bill of exceptions shows that it was actually filed with the clerk of the board; and this court has decided in the case of *Brown* v. *Pringle,* 94 Miss. 215, that a mere marking of the document filed, where the same is filed in fact, is not a requisite.

(2) We next call the attention of the court to the fact that the order itself adopting the system is void on its face. It does not show that no petition was presented by twenty per cent of the qualified electors requiring the submission of the question to a. vote. It is familiar doctrine, and is thoroughly imbedded in our jurisprudence that a board of supervisors can speak only through its minutes, and that it is a body of inferior and limited jurisdiction. That before it can perform an act of public nature, every fact essential to the exercise of the right must affirmatively appear upon the face of the record. The rule is stated in 11 Cyc., page 398, which has been recently cited with approval by this court.

"County boards are bodies with special and limited jurisdiction, and all facts necessary to give jurisdiction must affirmatively appear upon the record of the proceedings; otherwise, the presumption is against the jurisdiction."

The board of supervisors had no authority if the petition was presented as provided therein. Every presumption is in favor of the lack of authority upon the part of the board of supervisors. It will be presumed from an inspection of this order that a petition was

filed, even in the absence of a bill of exceptions. It was necessary that the order should affirmatively show that no petition had been filed; because, if such petition had been filed, it deprived the board of its jurisdiction, and in the absence of a special finding by the board of supervisors, it will be presumed that such a petition was filed, because such a petition would deprive the board of its jurisdiction. And unless the fact affirmatively appears, its lack of jurisdiction will be presumed.

The latest case in our court upon the question is the recent case of *Robb & Chicester* v. *Telegraph Company,* 104 Miss. 176. In that case, there was a collateral attack upon the judgment of the board of supervisors, and not a direct appeal, as prosecuted here. In that case, in authorizing the making of a contract for working public roads, the board of supervisors set out in the order that bids had been advertised for, as provided by the statute. The order, however, did not set out the specific method adopted. The court held, and held properly, that every presumption must be indulged against the minutes of the board of supervisors, even on a collateral attack, and, therefore, would indulge a presumption in the case that where two methods might be used under certain circumstances, in making the advertisement, the board had adopted the wrong one. In other words, the court indulged the presumption established by law against the validity of the order,

Other authorities in Mississippi are: *Rothenberg & Co.* v. *McElroy,* 67 Miss. 545, where the court said: "Courts of limited jurisdiction are presumed to have no jurisdiction other than that shown to exist." See, also, the case of *Bolivar County* v. *Coleman,* 71 Miss. 832; *Craft* v. *Desoto County,* 79 Miss. 618; *Simpson County* v. *Buckley,* 85 Miss. 713; *Hawkins* v. *Carroll County,* 50 Miss. 735, and many other cases therein referred to.

We also call the attention of the court to the fact that this question is jurisdictional in its nature, and may be raised in the supreme court for the first time. 63 Miss. 455, and we did not call the attention of the lower court to this specific point.

(3) We call the attention of the court to the fact that this order was passed adopting the system after the first day of February, 1914, and we respectfully refer the court to the case of *Ill. Cen. R. R. Co. et al.* v. *E. S. Middleton, Sheriff*, now before the court.

We respectfully submit that the judgment of the court below was wrong, as was the judgment of the board of supervisors, and that the decision of the lower court should be reversed, and a judgment should be entered here in favor of the appellants.

*S. L. McLaurin*, for appellee.

Appellants' counsel contend that the order of the board of supervisors would have to affirmatively show that no petition had been presented. This position, we think, is not correct. The act of the legislature does give the board of supervisors full power and jurisdiction and even if it be conceded that a petition presented afterwards, would take away this jurisdiction, the order of the board would not have to show the absence of a petition. It is a well-established principle that conditions once shown to exist will be presumed to continue until the contrary is shown. Now it cannot be denied that the board of supervisors had full jurisdiction and power to act the moment the law was approved. That jurisdiction would be presumed to continue until the proof would show that some intervening cause had removed that power and jurisdiction.

In determining the legislative intent, this court will not overlook the fact that it has been the policy of the legislature by several acts in the last few years to get away from the old overseer system and do something

towards road building. This act of the legislature was never intended to place a veto in the hands of the voters, but the petition clause was intended to give the voters the power to move the board of supervisors if the board failed to move of its own volition.

"Better roads" is the slogan, as evidenced by the numerous acts of the legislature in the recent past.

*Stingily & McIntyre* and *W. E. McIntyre,* for appellee.

The legislature must be presumed to mean exactly what is said in the strict letter of the law, and it certainly has not exceeded the powers vested in it by the Constitution in providing that the board of supervisors could adopt this system for the working of the public roads of supervisor's district No. 1, without submitting the proposition to the qualified electors residing therein.

The maxim of the common law, "*Quoties in verbis nulla est ambiquitas, ibi nulla espoxitio contra verba fienda est*" is applicable to this case, in determining just what the legislative intent was. This is the rule for the interpretation of deeds, of acts of parliament, and other documents. According to this rule it is not allowable to interpret what has no need of interpretation, and the law will not make an exposition against the express words and intent of the parties or of the law-making body. Where there is manifest disagreement between the spirit and the letter of the law, the latter is made to yield to the real meaning as gathered from the whole instrument. But our legislature has, in our opinion made no mistake in the draft of chapter 257 of the Laws of 1912. There is no ambiguity of any sort that calls for construction. They have, we think, said what they intended, and the legislature has meant, no doubt, just what it has said. It is not the province of our courts to amend, appeal or annul the express will of the legislature. The legislature makes its own interpretations. It is our humble opinion that the legisla-

ture intended to confer the power upon the board of supervisors, in the first instance, of adopting this method of working the public roads, and in as much as the board of supervisors exercised this expressed power by providing that the roads of this supervisor's district No. 1 should be worked in accordance with chapter 257 of the Laws of 1912, and passed the required order electing to come under the provisions of the said act, no complaint can be made by either the qualified electors or tax payers residing in said district.

We submit, therefore, that the circuit court was correct in affirming the judgment of the board of supervisors, and that this case ought, under the law, to be affirmed.

Cook, J., delivered the opinion of the court.

The board of supervisors of Rankin county entered an order upon its minutes electing to "come under the provisions" of chapter 257, Laws of 1912, providing a method to work the public roads.

It is claimed here that twenty per centum of the qualified electors of the road district filed a petition with the board asking that an election be ordered to determine whether or not the district should come under the provisions of the act. There was a bill of exceptions taken and signed by the president of the board of supervisors, and we can only look to same for the facts. We see nothing in the bill of exceptions which supports appellant's contention. .

There is no merit in the contention that the order of the board does not recite that no such petition had been filed. The statute in question expressly confers the power upon the board of supervisors to adopt the method of working the roads prescribed by the act. It is not necessary to the validity of an order that the electors of the district had not filed a petition.

*Affirmed.*